MAYER, Circuit Judge,
dissenting.
I respectfully dissent. The license agreement between Lawler Manufacturing Co., Inc. (“Lawler”) and Bradley Corporation (“Bradley”) is a concise and straightforward document. Section 3.1 of the agreement provides that when Bradley sells stand-alone valves, royalties will be based upon the sales price of those valves. If, on the other hand, Bradley sells patented valves “in combination in another product such as an emergency shower or eyewash,” royalties will be based on the average price of the stand-alone valves and not on the price of the combined assembly.
As the district court properly concluded, there is nothing ambiguous in the language of the license agreement. The agreement states plainly that when licensed valves are sold in combination products “such as” emergency showers or eyewashes, the royalty will be based on the average price of the stand-alone valves and not on the price of the combined assembly. The ordinary and customary meaning of the phrase “such as” is “for example” and there is nothing in the license agreement which would support a different conclusion. See H. Ramsey Fowler, The Little, Brown Handbook 597 (3d ed. 1986) (“When you are giving examples of something, use ‘such as’ to indicate that the example is a representative of the thing mentioned.”); The American Heritage Dictionary 1215 (2nd college ed. 1982) (First definition of “such as” is “for example.”); see also Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 577, 114 S.Ct. 1164, 127 L.Ed.2d 500 (1994) (concluding that the use of the words “such as” and “including” in the Fair Use Act were employed “to indicate the ‘illustrative and not limitatitive’ function of the examples given”); United States v. Doubet, 969 F.2d 341, 346 (7th Cir.1992) (concluding that the items listed after the phase “such as” were *957 used “by way of example rather than limitation”). Thus, emergency eyewashes and showers are examples of combination products, but they are not the only combination products covered by section 3.1 of the licensing agreement. Piping and cabinets, like emergency showers and eye-washes, are sold “in combination” with Lawler’s patented valves. As such, they clearly fall within the scope of section 3.1.
The majority apparently believes that piping and cabinets are so dissimilar from emergency showers and eyewashes that they must fall outside the plain language of the license agreement. Ante at 954-56. I disagree. Like emergency showers and eyewashes, cabinets and piping are plumbing products that use the licensed valves as only one of their components. Indeed, Lawler’s national sales manager testified that an emergency shower and eyewash was essentially a licensed valve connected to “piping that’s screwed together that includes a shower head.” Furthermore, in its brief Lawler states that the cabinets in question are just “basic metal boxes.” Since an emergency shower or eyewash is simply a patented valve connected to piping and a shower head, it is not fundamentally dissimilar from either a valve sold with piping or a valve sold with piping and a basic metal box. Accordingly, piping and cabinets fall squarely within the language of section 3.1.
Before the district court, neither party argued that the license agreement was ambiguous. Indeed, the district court specifically stated that “[njeither party argues that the ‘such as’ clause of the License Agreement is ambiguous, nor does the Court find it ambiguous.” Lawler Mfg. Co., Inc. v. Bradley Corp., No. 1:98-cv1660-LJM-JMS, slip. op. at 23 (S.D. Ind. June 22, 2007). Since Lawler did not argue that the license agreement was ambiguous to the district court, it should not be allowed to do so here.
Where a contract, “such as” this one, is on its face unambiguous, it should be interpreted in accord with the plain meaning of its terms. See Schmidt v. Schmidt, 812 N.E.2d 1074, 1080 (Ind.Ct.App.2004) (Under Indiana law, courts do not look beyond the “four corners” of a document to interpret an unambiguous contract). The district court properly declined “Lawler’s invitation to rewrite the parties’ Agreement.” Lawler, slip op. at 23. So should this court. I would affirm.